UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **DAVID M. KENNEDY, JR.** | **CIVIL ACTION NO. 24-0494** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **RICHLAND PARISH D.A.'S OFFICE, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### SECOND REPORT AND RECOMMENDATION ON SECOND MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff David M. Kennedy, Jr., a Louisiana Department of Corrections ("DOC") inmate, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second motion for a temporary restraining order ("TRO"). IT IS RECOMMENDED that the motion be DENIED.[1]

### I. PROCEDURAL BACKGROUND AND ALLEGATIONS

Plaintiff is currently incarcerated at the Richland Parish Detention Center ("RPDC") in Rayville, Louisiana.

In his original complaint, Plaintiff sues the Richland Parish District Attorney's Office; Hon. Stephen Dean, a judge of the Fifth Judicial District Court; Richland Parish Sheriff Gary Gilley; Richland Parish Sheriff's Deputies, Robert Colvin and Ryan Gibson; Louisiana State Police, Troop F; Trooper Mitchel; Mangham Police Chief Perry Flemming; Mangham Police

---

[1] Plaintiff also seeks preliminary and permanent injunctive relief, but he has failed to file his lawsuit on proper forms or to pay the filing fee or seek in forma pauperis status. Therefore, the undersigned considers only the TRO at this time.

Officer Dakota McKinney; RPDC Warden Tyler Wade; RPDC Warden Alan Cupp; and RPDC Nurse Kendra Vaughn.

Plaintiff asserts claims for malicious prosecution and false arrest under state and federal law and deliberate indifference to a serious medical need. As part of his complaint, Plaintiff sought a TRO. Plaintiff claims that Defendants have violated his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Plaintiff further alleges that he has suffered deliberate indifference to his medical needs from "November 19, 2021 to the present" beginning with the "head trauma and other injuries sustained from the serous wreck and beating he took from RPSO deputies and Mangham police officers." [doc. #1, p. 5]. He also alleges that, among other actions, he has been denied "pysch meds or care." [Id. at p. 6]. Finally, he makes certain conditions of confinement claims. [Id. at pp. 20-21].

Plaintiff claims that he "has been and will continue to be irreparably injured by the conduct of defendants unless this court grants the declaratory and injunctive relief which [he] seeks." [Id. at p. 21].

On May 2, 2024, the undersigned issued a Report and Recommendation [doc. #7] which recommended the denial of Plaintiff's motion for a TRO.[2]

On May 15, 2024, the Clerk of Court received Plaintiff's timely objection to the Report and Recommendation [doc. #8]. The Clerk of Court also received the instant second motion for a TRO [doc. #11].

On May 16, 2024, after reviewing Plaintiff's objections, Judge Doughty adopted the Report and Recommendation and denied Plaintiff's TRO. [doc. #12].

---

[2] Although Plaintiff also seeks a preliminary and permanent injunctions, no action has been taken on those requests.

2

## II. DISCUSSION

A TRO "should be restricted to serving [the] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). A party may obtain a TRO without notice to the other side only if the following conditions are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

Despite his statement to the contrary, in neither his first motion nor this second motion, Plaintiff has alleged no facts showing that "immediate and irreparable injury, loss, or damage" would occur before Defendants could be heard in this case. He further has provided no written certification of any efforts made to give notice or proffer any reasons why notice should not be required.

In his first motion, Plaintiff's allegations and the type of injunctive relief sought were not clear. In his second motion, Plaintiff states that he is seeking release from prison, a remedy that is unavailable in a civil rights action.[3] Thus, the undersigned recommends, again, that Plaintiff's second motion for a TRO should be denied.

---

[3] "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus.*" *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). The undersigned expresses no opinion—one way or the other—whether Plaintiff could successfully obtain his release from custody pursuant to a petition for writ of habeas corpus.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's second motion for a TRO be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

MONROE, LOUISIANA, this 23rd day of May, 2024.

KAYLA DYE MCCLUSKY
MAGISTRATE JUDGE